UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH CAMPBELL,

                Petitioner,                                  MEMORANDUM & ORDER

              - against -                                     04-CV-4169 (NGG)

WARREN BARKLEY, Warden, Cape Vincent
Correctional Facility,

                Respondent.
------------------------------------------------------------X

GARAUFIS, District Judge.

Petitioner Keith Campbell brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on the grounds that he was denied his right to speedy sentencing. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

## I.    FACTUAL AND PROCEDURAL HISTORY

On March 1, 1995 the Petitioner entered a guilty plea to two counts of attempted criminal sale of a controlled substance in the third degree in Queens County Supreme Court before the Honorable Joseph G. Golia. (March 1, 1995 Transcript at 12.) The Petitioner, who was then incarcerated, was to receive a sentence of six months imprisonment and probation, and to be released on his own recognizance pending sentencing. (Id. at 12-13.) Judge Golia informed the Petitioner that, in order to obtain the promised sentence, the Petitioner was required to abide by the terms of his probation and return for sentencing. (Id. at 13.) In the event the Petitioner did not comply with these terms, or if the court learned that the Petitioner had a prior felony

1

conviction, Judge Golia told the Petitioner that he would sentence him to a term of 30 years, the maximum allowed by law for the two crimes for which the Petitioner pled guilty. (Id. at 15, 16.) The Petitioner informed the court that he would comply, waived his right to appeal with regard to both indictments, and was released pending sentencing.

The following month, the Petitioner failed to appear for sentencing. Over the next three years, the Petitioner was arrested on an additional three cases, consistently using different names, dates of birth, and places of birth. In total, during his arrests, the Petitioner used five different names, nine different dates of birth, and five different places of birth in and out of state, causing the issuance of four different New York State Identification (NYSID) numbers.

In April 1998, the Petitioner was returned to trial court. The Petitioner moved to vacate his 1995 guilty plea and dismiss the indictments pursuant to New York Criminal Procedure Law ("CPL") § 380.30(1), arguing that the court lost jurisdiction to sentence him because of the three-year delay between his guilty plea and sentencing. The Petitioner's motion was denied by the trial court. In denying the Petitioner's motion on the merits, the trial court described in detail the Petitioner's conduct in the criminal justice system over the prior seven years, including missed court appearances that led to the issuance of numerous bench warrants, and his use of four aliases in various arrests. See People v. Campbell, 97 N.Y.2d 532, 743 N.Y.S.2d 396 (2002) (recounting trial court decision). The court concluded that any delay in sentencing was not the result of judicial or prosecutorial negligence, but rather "occurred solely and as a direct result of defendant's conduct" in an intentional effort to "beat the system." Id.

On appeal, the Petitioner's claim that the trial court was divested of jurisdiction due to an unreasonable delay in sentencing was ultimately rejected.[1] People v. Campbell, 306 A.D.2d 494, 761 N.Y.S.2d 835 (2003). The Appellate Division held:

> Contrary to the defendant's contention, the Supreme Court was not divested of jurisdiction due to an unreasonable delay in sentencing. The inability to locate and produce the defendant for sentencing resulted from his use of numerous aliases and false pedigree information. Since the delay was caused by the defendant's own conduct, the Supreme Court properly denied his motion to dismiss the indictments.

Id. (citations omitted). Leave to appeal was denied on September 30, 2003. People v. Campbell, 100 N.Y.2d 618, 767 N.Y.S.2d 401 (2003).

## II. STANDARD OF REVIEW

A federal court may issue a writ of habeas corpus only if the petitioner's custody is in "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Thus, a prisoner seeking the writ must allege that his conviction or sentence in state court violates constitutional or other federal rights.

Under the exhaustion requirement of 28 U.S.C. § 2254(b)(1), a state prisoner petitioning for a federal writ of habeas corpus generally must have first presented his claim to the state's highest court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). In New York, this means that a defendant, having first appealed to the

---

[1] On direct appeal, the Appellate Division originally rejected Campbell's claim on the grounds that he waived his right to appeal as part of his plea agreement and did not reach the claim of whether there was an unreasonable delay in sentencing. People v. Campbell, 281 A.D.2d 488, 72 N.Y.S.2d 681 (2001). The New York State Court of Appeals rejected this reasoning on the grounds that a waiver of the right to appeal does not apply to challenges to sentencing, and remitted the case to the Appellate Division for further proceedings. People v. Campbell, 97 N.Y.2d 532, 743 N.Y.S.2d 396 (2002).

Appellate Division of the Supreme Court, must then seek leave to the Court of Appeals to review his conviction pursuant to New York Criminal Procedure Law § 460.20 (McKinney 1994). See id. But if the petitioner no longer has "remedies available" in state court under 28 U.S.C. § 2254(b), the claim should be considered exhausted and a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state would hold the claim procedurally barred. Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).

A procedurally barred claim may be presented to a federal habeas corpus court where the petitioner can make a showing of cause for the default and resulting prejudice, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or can "demonstrat[e] a constitutional violation that resulted in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). "To be credible such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995).

If the petitioner complies with these preliminary requirements, a federal court may address the merits of the constitutional claim. Under 28 U.S.C. § 2254(d), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

4

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In clarifying these provisions, the Second Circuit has explained that an "adjudication on the merits" means one "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). The Supreme Court has explained that the "contrary to" standard means that a district court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). The Court went on to elaborate that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

## III. DISCUSSION

The Petitioner, through counsel, contends that he was denied the Sixth Amendment right to a speedy sentence because there was an unreasonable delay in his sentencing. The Respondent argues that the Petitioner's claim is procedurally barred, and in any event, is not based on law that is clearly established by the Supreme Court. Even assuming, *arguendo*, that the Petitioner's claim is not procedurally barred and there is a clearly established right to a speedy sentence, the Respondent further asserts that the Petitioner is not entitled to relief because the Petitioner was responsible for the delayed sentencing due to his failure to report to sentencing and his use of multiple aliases and other false information.

### A. The Petitioner's Claim is Procedurally Barred from Review

The Respondent contends that the Petitioner did not exhaust his state court remedies because he did not state the federal constitutional nature of his claims in his leave application to the New York Court of Appeals. Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must "exhaust[ ] the remedies available in the courts of the State." In doing so, a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition. Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990). The state court must be fairly apprised that the petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim. Morgan v. Jackson, 869 F.2d 682, 684 (2d Cir. 1989).

The Petitioner did not cite or refer to the Sixth Amendment when he raised his delayed sentencing claim in state court. Instead, Campbell based his claim exclusively on Section 380.30 of New York Criminal Procedure Law, which requires that a sentence "be pronounced without unreasonable delay." The Petitioner's only reference to a federal constitutional claim is in his briefs before the Appellate Division in which he cites to the Fourteenth Amendment and claims that his sentencing "denied [him] his due process right to be sentenced with 'reasonable promptness.'" (See May 2002 Brief at 15; September 2000 Brief at 28.) A passing reference to the Fourteenth Amendment before the Appellate Division is insufficient to alert the state court that Campbell was raising a speedy sentencing Sixth Amendment claim because a "mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal constitutional claim." Petrucelli v. Coombe, 735 F.2d 684, 688 (2d Cir. 1984). Moreover, even if a singular reference to "due process" could have alerted the state court to Campbell's Sixth Amendment claim, Campbell failed to present this claim to the New York

6

Court of Appeals, the highest state court, in accordance with the exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (to exhaust remedies, petitioner must present claim in highest court that can hear it). Because the state court was not fairly appraised that the Petitioner was raising a federal constitutional claim, the Petitioner failed to exhaust his administrative remedies. See Grey, 933 F.2d at 119-20.

Although Campbell failed to raise his speedy sentence claim in his application for leave to appeal to the New York Court of Appeals, his habeas petition is deemed exhausted because New York procedural rules bar the Petitioner from now attempting to raise his speedy sentence claim before state court. The Petitioner cannot again seek leave to appeal these claims in the New York Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.10(a). Nor could the Petitioner bring his claim in a motion to vacate his judgment of conviction in state court. Pursuant to New York CPL Section 440.10, a defendant can only raise claims that do not appear on the face of the record in a post-judgment conviction motion. The Petitioner's Sixth Amendment claim is based on facts that appear on the face of the record. As no purpose would be served by requiring the Petitioner to return to state court for further proceedings before considering any of the claims raised in his habeas petition, the Petitioner no longer has "remedies available" in the New York state courts under 28 U.S.C. § 2254(b). Accordingly, Campbell's claims are deemed exhausted and procedurally barred from review. See Grey, 933 F.2d at 120.

The Petitioner's forfeiture in state court of his speedy sentence claim bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom. Murray v. Carrier, 477 U.S. 478, 492

7

(1986); Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). The Petitioner makes no showing of either cause or prejudice. The Petitioner's Sixth Amendment speedy sentencing claim must therefore be dismissed.

> **B.     A Right to a Speedy Sentence is Not Clearly Established Under Supreme Court Precedent**

The Respondent contends that, even assuming the Petitioner sufficiently alerted the state court of his Sixth Amendment claim, habeas review is precluded because a right to a speedy sentence is not "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). For habeas purposes, "clearly established Federal law, as determined by the Supreme Court," refers only to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. Williams, 529 U.S. at 411-12.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." To support his claim that the Sixth Amendment encompasses a right to a speedy sentence, as established by the Supreme Court, the Petitioner relies on Pollard v. United States, 352 U.S. 354 (1957). In Pollard v. United States, 352 U.S. 354 (1957), the Supreme Court, in determining whether a sentence imposed on a petitioner was valid when imposed subsequent to judgment and an order of probation, stated that "[w]e will assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment." Id. (emphasis added). The Court's assumption in Pollard, for the sake of argument, that the Sixth Amendment encompasses a right to a speedy sentence is not the type of clearly established right contemplated

under Section 2254.[2]  See Williams v. Taylor, 529 U.S. at 411; see also Brown v. Donelly, 258 F.Supp.2d 178, 181 (E.D.N.Y. 2003) (petitioner could not "show an unreasonable application of Supreme Court precedent, even assuming arguendo that that precedent includes the right to a speedy sentencing.").  Accordingly, the Petitioner does not state a claim under clearly established federal law which this court may consider.

        **C.**      **Even If a Federal Right to Speedy Sentencing Exists, the Petitioner Cannot Demonstrate an Unreasonable Application of this Right**

Even assuming, *arguendo*, that Supreme Court precedent includes the right to speedy sentencing, Campbell cannot show an unreasonable application of this right.  The factors cited by the Supreme Court for determining whether a *pre-trial* delay violates the Sixth Amendment are set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972), and are relevant in determining whether a person's due process rights were violated in the sentencing context.  See United States v. Tortorello, 391 F.2d 587, 589 (2d Cir. 1968).  These factors are: the length of the delay, the reason for the delay, the petitioner's assertion of his right and prejudice to the petitioner.  Barker also held that "[w]e regard none of the factors identified ... as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant."  Barker, 407 U.S. at 533.  The right to a speedy trial requires a court to determine "whether a

---

[2] In United States v. Bryce, 287 F.3d 249, 256 (2d Cir. 2002), the Second Circuit expansively read Pollard as an acknowledgment "that the Sixth Amendment guarantee to a speedy trial applies to sentencing."  Notwithstanding Bryce, a habeas petitioner cannot succeed by showing that the state court misapplied circuit precedent.  See Yung v. Walker, 341 F.3d 104, 110 (2d Cir. 2002) ("[c]learly established Federal law" includes only holdings of Supreme Court decisions and not dicta).

delay has been unreasonable in light of the peculiar circumstances of the case." Bryce, 287 F.3d at 256 (quoting United States v. DeLuca, 529 F.Supp. 351, 354 (S.D.N.Y. 1981)).

Here, the state court found that the delay in the Petitioner's sentencing was attributed to the Petitioner's own conduct through the use of numerous aliases and false pedigree information. Under AEDPA, these facts are presumed to be correct. See 28 U.S.C. § 2254(e)(1). Indeed, in his petition, Campbell admits that he used different names and dates of birth for his various arrests, but argues that "the sentencing court knew of should have known that an individual by the name of Keith Campbell was in custody and available for sentencing" because his true identity could have been ascertained through fingerprint testing. (Pet. ¶ 47.) After repeatedly misleading state authorities as to his identity, this court is unpersuaded by the Petitioner's attempt to implicate the state in his sentencing delay. Thus, even if there is a constitutional right to a speedy sentence which was properly raised in state court, under the facts of this case, the state court was not unreasonable in rejecting Campbell's claim. See Brown, 258 F.Supp.2d at 182-83 (rejecting petitioner's speedy sentencing claim where petitioner gave false information and aliases to law enforcement officials); Bryce, 287 F.3d at 256 (twenty three month delay in sentencing reasonable, especially where the record did not suggest that the government sought to intentionally create that delay).

IV. CONCLUSION

For the reasons discussed above, Campbell's petition for a writ of habeas corpus is DENIED. As the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3),

the court also certifies that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to enter judgment for the respondent and to close this case.

SO ORDERED.

Dated: July 15, 2005 /s/ Nicholas G. Garaufis
Brooklyn, New York NICHOLAS G. GARAUFIS
United States District Judge